```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------X
UNITED STATES OF AMERICA,

        -against-                      MEMORANDUM AND ORDER
                                       07-cr-237 (DRH)(GRB)
LUIS RODRIGUEZ,

          Defendant.
------------------------------X
A P P E A R A N C E S:

For the Government:
    Richard Donoghue
    United States Attorney
    United States District Court
    Eastern District of New York
    100 Federal Plaza
    Central Islip, New York 11722
      By: Burton T. Ryan, A.U.S.A.


For Defendant:
    Federal Defender Division
    460 Federal Plaza
    Central Islip, New York 11722
      By: Tracey L. Gaffey, Esq.
```

HURLEY, Senior District Judge

Pending before the Court are objections by defendant to the oral Report and Recommendation ("R&R") of Magistrate Judge Gary R. Brown in so far as it recommends a finding that defendant violated a special condition of his supervised release by failing to inform his mental health treatment provider of his unapproved association with a minor.[1]

---

[1] The specific language of the charged violation which I referred to Magistrate Judge Brown is set forth in the Violation of Supervised Release Report dated July 9, 2018 and reads in pertinent part as follows:

On or before June 29, 2018, the offender

### Rodriguez's History and Prior Noncompliance With a Different, but Related Term of his Supervised Release

On September 9, 2011, the defendant, having pled guilty to two counts of transportation of images involving the sexual abuse of a minor, was sentenced to seventy months of incarceration and five years of supervised release with special conditions for sex offenders. These special conditions included a direction that defendant "shall participate in a mental health treatment program approved by the Probation Department" and that he "will not associate with any child under the age of 18, unless a responsible adult is present and he has prior approval from the Probation Department." (Sept. 21, 2011 Judgment (DE 33) at 4.)[2] In August 2016, defendant completed his period of

---

> violated the following special condition of supervision: The defendant shall participate in a mental health treatment program, which may include participation in a treatment program for sexual disorders, as approved by the Probation Department. . . . As part of the treatment program for sexual disorders, the defendant shall participate in a polygraph examination(s) to obtain information necessary for risk management and correctional treatment. Specifically, Rodriguez failed to inform the treatment provider of his association with a minor [as required under the fourth unnumbered paragraph of his Special Conditions of Supervised Release].

(DE 56.)

[2] See DE 36 (referencing modifications of the conditions of supervised relief), and August 14, 2018 Hearing Transcript of proceeding before Judge Brown explaining those modifications (Tr.

incarceration and his term of Supervised release began.

In March 2018, an earlier supervised release violation was filed by the Probation Department based, in part, on defendant's unapproved association with a minor female in "February 2018" – the daughter of his then girlfriend- and his failure to report that contact. (See Tr. at 9:24-10:20; see also DE 45, 46, 47.) As a result of that prior filing, Judge Brown provided a clear admonition to defendant to abide by the non-association provision of his supervised release. (Tr. at 85:12-18.)

### Details of Current Violation as Elicited During August 14, 2018 Hearing Before Magistrate Judge Brown

On May 2, 2018, defendant advised Probation that his daughter was having a gender announcement party on May 26 vis-a-vis her unborn child at which he expected numerous attendees including some minor children. (Tr. at 11:11-24.) As he anticipated, several persons under 18 years of age were present during the event. (Id. at 107:15-111:5.) Defendant spoke with one of them, a 13 year old girl. About what and for how long is not discernible from the hearing transcript except that the information belatedly furnished by the defendant to his therapist suggests it was brief and consisted essentially of an exchange of

---

at 84:25-85:3) ("On October 26th of 2016, there was a modification of supervised release which included . . . sex offender treatment with a polygraph.")

pleasantries.  (Id. at 53:21-54:10.)

However, during the first four sessions with his therapist in June 2018,[3] post-dating the May 26 party, he answered "No" to the question of whether he had any contact with a person under the age of 18.  (Id. at 8:11-14; see also id. at 17:2-9.)  But on June 30, he told his therapist about May 26th contact for the first time.  (Id. at 12:25-13:3.)  What happened in the one day interim to explain the change?

On June 29, 2018, a polygraph examination of defendant was conducted[4] which covered a host of issues, including the standard question about contact with anyone under 18.[5]  To the latter question he again answered "No."  (Id. at 51:7-10.)  But at the fifth session in June, i.e. the one on June 30, the therapist advised defendant that he had "failed" the polygraph test administered the day before.  (Id. at 50:15-18.)  So confronted, he "reversed field" and readily admitted that he had,

---

[3] Those four sessions were held on "June 2, June 9, June 16 and June 23." (Tr. at 12:1-7.)

[4] Such examinations are conducted periodically, apparently at intervals of somewhere around three to six months, to "monitor[] compliance with rules of treatment."  (Tr. at 51:17-52:9.)

[5] The actual question asked of defendant during the polygraph examination was "Since February 7, 2018 have you had intentional unauthorized contact with anyone under the age of 18."  His answer in the negative triggered a "SIGNIFICANT REACTION" by the machine leading to the conclusion that his answer might well be fabricated.  (See Gov't's Ex. G at unnumbered page 3.)

in fact, had an intentional and unauthorized contact with a minor at the May 26 party. (Id. at 53:8-54:10.)

### Judge Brown's Report and Recommendation

In his bench decision of August 14, 2018, Judge Brown found:

1. defendant's therapist, government witness Maricrez Jarcia,[6] was "fully credible" (Tr. at 85:20-25);

2. on May 5 defendant did advise Ms. Jarcia "in the context of his therapy," about the party scheduled for May 26 (Tr. 86:1-13.);

3. at the party, he had a conversation "without adults around . . . with . . . young woman. He thought she was 16 and then it came out later that she was actually 13" (Tr. at 86:9-13);

4. at his therapy sessions in June he did not disclose the conversation with the thirteen year old until confronted on June 30 with the results of the June 29 polygraph test (Tr. at 86:18-88:10); and

5. based on, inter alia, the foregoing, Judge Brown concluded that the charged violation was established in

---

[6] In the transcript, the surname of the government's first witness is listed as "Jarcia," (Tr. at 3:9-20), which is the last name used in the government's submission. The defense refers to the witness as "Garcia." Who is correct is unknown to me. However, I have used "Jarcia" herein to be consistent with transcript.

that defendant "fail[ed] to fully participate in [his sex offender therapy] . . . by failing to disclose" his contact with the subject minor  (Tr. at 88:11-17; see also id. at 111:24-112:6).

## Position of the Parties

### I. Government's Position

The government contends that Rodriguez's repeated failure to report his May 26 unauthorized association with a minor to his therapist clearly constituted a violation of his special supervised release condition calling for him to participate in the court-mandated mental health treatment program.  To satisfy this requirement calls for him, in the government's view, to do more than simply show up for scheduled sessions – which Rodriguez did — but also entails truthfully answering relevant inquires from the therapist on material matters and honestly furnishing required information.  Defendant did neither according to the government with respect to the May 26 party. (Gov't's Resp. in Supp. of R&R (DE 80).)

### II. Defendant's Position

Defendant's position is multifaceted.  It includes the overarching assertion in its March 4 Reply that:

> The government misstates the charged
> violation as well as Magistrate Brown's
> finding.  Mr. Rodriguez was not charged with
> having "unapproved and unreported contact
> with a minor female," nor was he charge with
> "failing to inform his treatment provider of

> his association with a minor." The special
> condition imposed by the court reads as
> follows, "defendant shall participate in a
> mental health treatment program as approved
> by the Probation Department." A separate
> special condition is that, "defendant will
> not associate with any child(ren) under the
> age of 18, unless responsible adult is
> present and he has prior approval of the
> Probation Department." Mr. Rodriguez is not
> charged with violating the association
> condition. Judge Brown found that Mr.
> Rodriguez failed to participate in a mental
> health treatment program as required by the
> special condition. We submit, as we did in
> our January 3, 2019 post-hearing brief, that
> Mr. Rodriguez did in fact participate in
> mental health treatment.

(Def.'s Reply of March 4, 2019 (DE 81) at 1-2)(footnote and internal citations omitted).)

In addition, defendant contends that the "probation department should not be able [to] call the polygraph a treatment tool without a scientific basis [as to this reliability first being laid]." (Def.'s Jan. 3, 2019 Letter in Opp'n to Judge Brown's R & R (DE 77) at 8.) That statement is proceeded by a hitherto unraised request that this Court modify the special conditions of supervision to eliminate "sex offender treatment with polygraph and no association with minors." (Id. at 1.) Those requests, however, are beyond the ambit of the matter referred to Judge Brown, viz. to issue "a report and Recommendation as to the violation dated July 9, 2018." (Order of Referral dated July 25, 2018 (DE 66).) As such, this is not the appropriate vehicle to broach these issues and, accordingly,

they will not be further addressed.

And finally, defendant urges that he did not violate a condition of supervised release by not participating in [sex offender] treatment," (Def.'s Jan 3, 2019 Letter at 10); to the contrary, he contends "his treatment provider . . . testified without contraction that Luis Rodriguez wholly participated in treatment." (Id.)

## Discussion

Criminal Procedure Law Rule 59, entitled "Matters Before a Magistrate Judge," provides in subsection (b)(3):

> De Novo Review of Recommendations. The district judge must consider de novo any objection to the magistrate judge's recommendation. The district judge may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions.

Crim. P. Rule 59(b)(3).

Defendant objects to Judge Brown's conclusion that the government has proven the charged violation of supervised release as detailed earlier.

Rodriguez is correct to the extent he claims that he is not charged with violating the special condition that prohibits him from associating with anyone under the age of 18 absent prior approval from probation and the presence of a responsible adult. (Def.'s Reply of Mar. 4, 2019 (DE 81) at 1.) But he is incorrect in maintaining that neither is he charged with "failing to inform

-8-

his treatment provider of his association with a minor." (Id.)
To the contrary, a fair reading of the charge indicates that is precisely the nature of the accusation. See fn. 1, supra, quoting from the July 9, 2018 Violation of Supervised Release Report (DE 56)("Specifically, Rodriguez failed to inform the treatment provider of his association with a minor.").)

As to the polygraph, if defendant's post-hearing objections on the subject are construed to target not only its prospective utilization by Probation but also the references at the hearing to its use, Judge Brown's concomitant evidentiary ruling warrants mention.

The government offered Government Exhibit G as part of its case, i.e. "the polygraph report." (Tr. at 58:4-10.) Defense counsel objected on foundational grounds given that "[t]here's no one to testify as to the accuracy." (Id. at 58:17-20.) In receiving the report into evidence, Judge Brown explained in a patently correct ruling:

> ". . . I am accepting it only for what happened next; in other words, I am not going to allow it in for the truth of the matter asserted therein but only that this is the report she saw that caused her to take the actions that follow."

(Id.)

And what "happened next" is telling. After not divulging — and, in fact, lying — during the first four sessions with his therapist in June 2018 about his contact with minor on

-9-

May 26, he suddenly admitted that such contact occurred upon being advised by therapist Jarcia on June 30 of the polygraph results of the 29.

> In defense counsel's closing argument she proffered: That he was engaged in treatment, okay? As to not telling the therapist, he did tell the therapist. What probation department is complaining about is that he — they're saying that he didn't tell the therapist until he "failed" the polygraph which brings us back to the polygraph itself but if this is supposed to be a treatment modality, if polygraph if supposed to be a treatment modality, then the modality here gave rise to whether — it doesn't matter whether he failed or not.

(Tr. at 73:15-24.)

In response, Judge Brown raised the following hypothetical for counsel's consideration:

> [A]ssuming that this was narcotics treatment instead of what we had going on here and he went every time. He was very nice. And he talked about his concerns of — while he was smoking opium before every session, you know, and they say hey, any drugs? No, I am good. And then the polygraph happens and — oh, yeah, I did smoke opium before every session. I mean, this is ridiculous and it's much further down the line.
>
>    Would you say that someone who didn't disclose the fact that they smoked opium before every treatment session didn't fully participate? I mean, they participated, yeah, they showed up and they didn't — isn't that really the issue?

(Id. at 74:1-14.)

The above hypothetical calls for an answer in the

affirmative as does the question at hand, to wit, upon a de novo review, has the government established that Rodriguez violated a special condition of his supervised release by failing to inform his mental health treatment provider of his unapproved association with a minor?  Again, the answer is "yes."

Finally, defendant's insistence that he "wholly participated" in his sex offender mental health therapy session is, as Judge Brown found, bogus.  (Tr. at 86:21-88:17.) Participation, as argued by the government, is incompatible with withholding and misrepresenting relevant information as Rodriguez did repeatedly.  Simply put, good faith is an implicit element of participation.

## Conclusion

Upon a de novo review of the record and the law, the Court adopts Judge Brown's well reasoned oral report in its entirety.  In doing so, the Court finds that the government has established that Rodriguez violated his supervised release as charged. Sentencing is hereby scheduled for July 10, 2019 at 10:00 a.m.

SO ORDERED.

Central Islip, New York
May 17, 2019

\_\_\_s/_____
DENIS R. HURLEY, U.S.D.J.